USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/2/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

MARCO A. METODIO, on behalf of himself, : **ORDER GRANTING**
FLSA Collective Plaintiffs and the Class, : **PLAINTIFF'S MOTION FOR**
: **PRELIMINARY APPOVAL OF**
Plaintiff, : **CLASS ACTION SETTLEMENT,**
v. : **CONDITIONAL**
: **CERTIFICATION OF THE**
LE GANS RESTAURANT INC. d/b/a SUGAR : **SETTLEMENT CLASS,**
FACTORY AMERICAN BRASSERIE, DOWN : **APPOINTMENT OF**
AND DIRTY TACOS & TEQUILA BAR : **PLAINTIFF'S COUNSEL AS**
MEATPACKING LLC d/b/a SUGAR FACTORY : **CLASS COUNSEL, AND**
AMERICAN BRASSERIE, BRIAN GOLD, : **APPROVAL OF PLAINTIFF'S**
CHRISTOPHER REDA, THOMAS RECINE and : **PROPOSED NOTICE OF**
CHARISSA DAVIDOVICI, : **SETTLEMENT**

Defendants.            15 Civ. 8754 (AKH)

------------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

On December 9, 2016, Plaintiff filed a motion for preliminary approval of class settlement, conditional certification of the settlement class, appointment of plaintiff's counsel as class counsel, and approval of plaintiff's proposed notice of settlement. Defendants do not oppose the motion. A hearing was held on December 20, 2016. For the reasons stated herein, plaintiff's motion is granted.

### I. Preliminary Approval of Settlement

Having reviewed plaintiff's submissions and the terms of the settlement, and upon the hearing held on December 20, 2016, I grant preliminary approval of the settlement memorialized in the Settlement Agreement (Dkt. No. 51.1). The proposed settlement was the result of arms-length negotiations between counsel experienced in employment class actions, with the assistance of an experienced mediator. The settlement is non-collusive. I conclude that

the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate.

## II. Conditional Certification of the Proposed Rule 23 Settlement Class

For settlement purposes only, it is appropriate to conditionally certify a class of current and former employees of Defendants who performed work as non-exempt back of the house employees employed at the Sugar Factory American Brassierie (originally located at 46 Gansevoort Street, New York, NY 10014, later relocated to 835 Washington Street, New York, NY 10014) from 2013 through October 17, 2016, and who do not opt-out of the class.

All requirements of Rule 23(a) and (b)(3) have been satisfied. First, numerosity is satisfied because there are approximately 250 members of the class, which makes joinder impracticable. Second, commonality and typicality are satisfied because all class members share common issues of fact and law, such as whether defendants failed to pay minimum wage, failed to pay overtime, and failed to meet the New York Labor Law's requirements for wage statements and wage and hour notices, and because class members' claims arise from the same factual and legal circumstances. Third, Rule 23(a)(4) is satisfied because there is no evidence that the named plaintiff's interests are at odds with those of putative class members. Additionally, plaintiff's counsel will be able to adequately represent the class. Finally, Rule 23(b)(3) is satisfied because the common factual and legal issues described above predominate over any individualized issues within the class. Class settlement is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually.

I therefore conditionally certify the class for purposes of settlement only.

### III. Appointment of Plaintiff's Counsel as Class Counsel and CPT Group as Settlement Administrator

The Court appoints Lee Litigation Group, PLLC ("LLG") as Class Counsel. It meets all of the requirements of Rule 23(g). LLG's attorneys are experienced in collective and class action wage and hour disputes. The Court also appoints CPT Group, a third-party administrator, as the Settlement Administrator.

### IV. Notice of Class Settlement

The Court approves the Proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, as modified by the parties pursuant to the Court's prior instructions (the "Notice"). *See* Dkt. No. 52. The content of the Notice complies with all requirements of Rule 23(c)(2)(B).

### V. Class Action Settlement Procedure

The Court adopts the following procedure:

1. Within 30 days of the date of this Order, the Settlement Administrator shall mail the Notice to each Class Member, as that term is defined in the Settlement Agreement.

2. Class Members shall have 60 days from the date the Notice is mailed to opt out of the settlement or object to it;

3. A final fairness hearing will be held on July 14, 2017 at 11:00 a.m., at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY, Courtroom 14D;

4. Plaintiff shall file a motion for final approval of the settlement no later than 15 days before the fairness hearing; and

5. The parties shall abide by all terms of the Settlement Agreement.

SO ORDERED.

Dated:   March __, 2017
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge