## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCO A. METODIO, on behalf of himself and others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>LE GANS RESTAURANT INC. d/b/a SUGAR FACTORY AMERICAN BRASSERIE, DOWN AND DIRTY TACOS & TEQUILA BAR MEATPACKING LLC d/b/a SUGAR FACTORY AMERICAN BRASSERIE, BRIAN GOLD, CHRISTOPHER REDA, THOMAS RECINE and CHARISSA DAVIDOVICI,<br><br>               Defendants. | No. 15 Civ. 8754<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 7/26/17 |

## [PROPOSED] ORDER GRANTING (1) PLAINTIFF'S UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVE SERVICE AWARD; (3) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

The Parties entered into a settlement totaling $300,000 on December 5, 2016 in a

Settlement Agreement and Release (hereinafter "Settlement" or "Agreement") and filed for

preliminary approval of the settlement on December 9, 2016. Decl. of C.K. Lee in Supp. of Pl.'s

Mot. for Certification of the Settlement Class, Final Approval of the Class Action Settlement and

Approval of the FLSA Settlement ("Lee Decl.") ¶ 15.

On March 2, 2017, this Court entered an Order preliminarily approving the settlement on

behalf of the class set forth therein (the "Class" or the "Class Members"), conditionally

certifying the settlement class, appointing Lee Litigation Group, PLLC as Class Counsel,

1

appointing as CPT Group as Settlement Administrator, and authorizing notice to all Class

Members (the "Preliminary Approval Order").  Docket No. 54.

On June 29, 2017, Plaintiff filed a Motion for Certification of the Settlement Class, Final

Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for

Final Approval").  That same day, Plaintiff also filed Motions for Approval of Attorneys' Fees

and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Service Award

("Motion for Service Award").  The motions were unopposed and Defendants did not object to

the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on July 14, 2017.  No Class Member objected to the

settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees and

Reimbursement of Expenses, the Motion for Service Award, and the supporting declarations, the

oral argument presented at the July 14, 2017 fairness hearing, and the complete record in this

matter, for the reasons set forth therein and stated on the record at the July 14, 2017 fairness

hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.      Except as otherwise specified herein, the Court for purposes of this Order adopts

all defined terms as set forth in the Agreement.

2.      This Court has jurisdiction over the subject matter of this litigation and all matters

relating thereto, and over all Parties.

3.      Pursuant to Rule 23, the Court confirms as final its certification of the Class for

settlement purposes based on its findings in the Preliminary Approval Order and in the absence

of any objections from Class Members to such certification.

2

4.     Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA.

5.     The Court confirms as final the appointment of Plaintiff Marco A. Metodio as representative of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

6.     The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

7.     The Court finds that the Class Notice and Collective Notice given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

8.     Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval to the Agreement and finally approves the settlement as set forth therein, subject to the modifications made by the Court during the July 14, 2017 fairness hearing. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation.

9.     The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiff's claims through factual and legal investigation. *Wal-Mart Stores, Inc. v.*

*Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

10.     The settlement is also substantively fair. All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

11.     The Court also finds that the class's reaction to the settlement was positive. No Class Member objected to the settlement, and only 2 Class Members of the 222 who received Notice timely opted out.

12.     The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

13.     The Court hereby grants Plaintiff's Motion for Attorneys' Fees and awards Class Counsel $90,000, inclusive of the Settlement Administrator's fees in the amount of $14,500, and inclusive of costs and expenses in the amount of $412.35 (which expenses the Court finds were necessarily and reasonably incurred by Class Counsel), which the Court finds to be fair and

reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market. The Court finds Class Counsel's hourly rates to be reasonable.

14.     The attorneys' fees, including costs and expenses, shall be paid from the Settlement Fund.

15.     The Court approves and finds reasonable the service award for Named Plaintiff Marco A. Metodio in the amount of $10,000, in recognition of the services he rendered on behalf of the class. This amount shall be paid from the Settlement Fund. Marco A. Metodio will only receive a $10,000 service award and will not be paid any additional class member payment.

16.     To the extent that there are any unclaimed funds six months after the mailing of settlement checks, the Settlement Administrator will mail a second distribution of settlement checks, on a pro rata basis, to those class members that deposited their first round settlement checks, to the extent economically feasible. If there are further funds available after the second mailing, the parties will notify the Court to determine if such funds may be paid as a *cy pres* charitable donation.

17.     The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiff and the Class, individually or collectively, all such liability being expressly denied by Defendants.

5

18.     The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds.  The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this **26** day of **July**_____, 2017.

_____
The Honorable Alvin K. Hellerstein
United States District Judge